UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

#C16-5077-RBL

1ST Amended

David Troupe
(Name of Plaintiff)

CIVIL RIGHTS COMPLAINT BY A PRISONER UNDER 42 U.S.C. § 1983

vs.

Edward Woods,
Donald MacWilliam, Nathaniel Burt,
Allison Comstock, Robert Herzog,
Daniel Cummings, Robert Ward,
Aaron Bromley, Patrick Glebe,
Donna Smith (Names of Defendant(s)) James Thompson,
John Doe-1, Don Griffith, Eric Wulf, Eric Wiet,
Nancy Fernelious, Melissa Johnson, ~~Scott Roberts~~
Roy Reinertsen, Scott Roberts, Tilahun Abeaha, Kari Cook.

**I. Previous Lawsuits:**

A. Have you brought any other lawsuits in any federal court in the United States while a prisoner?:

☒ Yes ☐ No

B. If your answer to A is yes, how many?: 18. Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

1. Parties to this previous lawsuit:

Plaintiff: David Troupe

Defendants: K. Suckow, B. Klahn, T. Roe, K. Bradhead, K. Walker, L. Belanger, C. Bowman, E. Woods, S. Demars, S. Russell, L. Buttram, U. Buttram, S. Blakeman, A. Kapa, K. Brannock, J. Kaehler, C. Pease

#2

3

2. Court (give name of District): East & West Dist

3. Docket Number: C13-5028-EFS, C13-5038-EFS, C13-5036-EFS, the rest are not remembered.

4. Name of judge to whom case was assigned: Shea, Bromstrom

5. Disposition (For example: Was the case dismissed as frivolous or for failure to state a claim? Was it appealed? Is it still pending?):
C13-5036-EFS dismissed, C13-5038-EFS pending trial, C13-5028-EFS ?

6. Approximate date of filing lawsuit: 2013, 2014, 2015

7. Approximate date of disposition: unknown

**II. Place of Present Confinement:** Wash. Correction Center

A. Is there a prisoner grievance procedure available at this institution? ☒ Yes ☐ No

B. Have you filed any grievances concerning the *facts* relating to this complaint? ☐ Yes ☒ No

If your answer is NO, explain why not:
IBMP are not grievable, but I did appeal it verbaly and on written record

C. Is the grievance process completed? ☐ Yes ☒ Not available

**If your answer is YES, ATTACH A COPY OF THE FINAL GRIEVANCE RESOLUTION for any grievance concerning facts relating to this case.**

**III. Parties to this Complaint**

A. Name of Plaintiff: David Troupe Inmate No.: 705714

Address: PO Box 900 Shelton WA 98584

(In Item B below, place the full name of the defendant, his/her official position, and his/her place of employment. Use item C for the names, positions and places of employment of any additional defendants. Attach additional sheets if necessary.)

B. Defendant: Donald MacWilliam Official Position: MHP

Place of employment: WCC

C. Additional defendants Edward Woods, Nathaniel Burt, Allison Comstock, David Cummings, Robert Ward, Aaron Bromley, [illegible], [illegible], Patrick Glebe, Donna Smith, James Thompson, [illegible], Eric Wirt, John Doe 1, [illegible]. Don Griffith, Allison Comstock, Eric Wulf, Robert Herzog, Nancy Fernelious, Melissa Johnson, Roy Reinertsen, Scott Roberts, Tilahun Abraha, ~~scott Roberts~~, Kari Cook.

**IV. Statement of Claim**

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates, places, and other persons involved. Do not give any legal arguments or cite any cases or statutes. If you allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets if necessary.)

SEE ATTACHED

# IV. Statement of Claim

1) Plaintiff, David Troupe, pro se was at all times herein a prisoner at the Wash. Correction Center during the events described herein.

2) Defendants were at all times herein employed by DOC as state officials acting under color of law when they violated Plaintiff's 8TH & 4TH amen. rights and each are sued under their individual and official capacity.

3) Plaintiff arrived at WCC on Nov. 7, 2015 from WSP.

4) Plaintiff is a mental health prisoner with multiple diagnosis in DOC:

(A) PTSD
(B) RMD
(C) ICD (UNSP)
(D) BPD

5) Plaintiff was issued an IBMP at WCC in Nov. 2015.

6) This WCC 2015 *IBMP instructs WCC employees to not call mental health or medical staff to evaluate Plaintiff during a crisis situation for Plaintiff.

7) Plaintiff was issued a *SEP early Nov. 2015 at WCC which instructs all WCC staff to ignore Plaintiff unless there's 2 staff and a video camera, but, the SEP does not tell staff to always have a video camera and 2 staff on tier checks.

8) Plaintiff has 3 basic ways to declare an emergency:
(A) tell floor staff walking by.
(B) give floor staff an emergency grievance
(C) contact booth %

9) A & B have proven ineffective most of the time since the SEP & IBMP tell staff to not talk with Plaintiff at length, meaning at all.

---

*IBMP - Individual Behavior Management Plan
*SEP - Security Enhancement Plan

10) C has proven ineffective most of the time as the SEP & IBMP tell staff not to talk with Plaintiff.

11) Contacting the booth C/O is usualy ineffective since at WCC officers, nurses, CUS, Sgts, counselors, any WCC employee can hang out in the WCC IMU booths which usualy prevents the booth C/O from monitoring the pods, videos, and emergency screens. * WSP, SCCC, CBCC, MCC IMUs do not allow staff to hang out in the booths, only those assigned can be in the booths. *

12) Defendants Donna Smith, Edward Woods, Donald McWilliams, Don Griffith, Eric Wirt, Allison Comstock, Patrick Glebe, Robert Herzog, Nancy Fernelious, Melissa Johnson, Scott Roberts, Tilahun Abraha and others un-named at this time helped create and or approve Plaintiff's SEP and or IBMP, and Nathaniel Burt, and Scott Roberts.

13) The SEP has prevented Plaintiff from getting life or death emergency MH care,

and suicide prevention. The WCC SEP violated Plaintiff's 8TH amen right because Plaintiff has a history of attempted suicide and serious self harm yet Defendants named in paragraph #12 created rules that deliberately stopped Plaintiff from getting emergency care.

14) The IBMP violates Plaintiff's 8TH amen right as it prohibits MH staff or medical staff from evaluating and treating Plaintiff when he's self harmful and or suicidal, each Defendant named in paragraph #12 are in violation of his 8TH amen right.

15) From 2009 (March) to 2016 WSP, CBCC, MCC, CRCC, SCCC have e-mailed back and forth with Defendants re Plaintiff's serious risk of suicide and self harm.

16) Plaintiff has filed numerous D.O.H. complaints and Torts on Defendants from 2009 to 2016 so Defendants are well aware of the risks involved in ignoring Plaintiff.

17) WCC IMU tier checks are usualy 30-60 minutes apart and floor staff such as Aaron Bromley, Eric Wulf, Robert Ward, Daniel Cummings walk by Plaintiff's cell window fast while sometimes not looking in, same for all cell windows A, B, C, D, E, F pods, a fast walk by is typical with custody.

18) On Nov. 25, 2015 Plaintiff declared a mental health emergency 3 times with A. Bromley, and R. Ward on the tier but neither stopped to talk per the SEP.

19) Plaintiff called the booth on Nov. 25, 2015 to tell E. Wulf he was feeling suicidal and E. Wulf did not respond as he had his back to the booth computer and was hanging out with another staff in the booth.

20) On Nov. 25, 2015 Plaintiff dislocated his fingers on his right hand and hung up a noose to his vent attempting to hang himself, when R. Ward did the usual fast walk by and ignored Plaintiff and the noose.

21) On Nov. 25, 2015 after A. Bromley, R. Ward and E. Wulf left WCC for the day, David Cummings did his last walk by and did not say anything to Plaintiff about the noose. Plaintiff told D. Cummings he was suicidal, D. Cummings stated he cant talk with Plaintiff without another c/o and video camera, but he never came back w/camera.

22) Plaintiff was allowed to self harm and attempt suicide on Nov. 25, 2015 and was denied medical & MH treatment.

23) A. Bromley, R. Ward, E. Wulf, D. Cummings violated Plaintiff's 8TH amen. right when each one deliberately ignored his requests for help in a crisis situation.

24) On Nov. 26, 2015 R. Ward said to E. Wulf, "looks like he's still alive," while looking in Plaintiff's cell (smiling).

25) On Dec. 2, 2015 Plaintiff pushed his emergency call button but R. Ward had his back to the computer and security

monitors and was talking with A. Bromley in the booth. Plaintiff never got a reply from R. Ward so Plaintiff dislocated his fingers. Plaintiff never got MH or med. treatment.

26) R. Ward violated Plaintiff's 8TH amen right by refusing to answer his emergency button and leaving Plaintiff to self harm.

27) On Dec. 26, 2015 at 7 pm pill line Plaintiff tried to give RN. James Thompson an emergency grievance re self harm and told J. Thompson he self harmed and needed help, but J. Thompson (in front of % Marsh) told Plaintiff he's only here for pill line and walked away denying Plaintiff MH or medical treatment.

28) Nancy Fernelious and Melissa Johnson tried to cover up J. Thompson's deliberate indifference per e-mails and med. kite replies, neither took action.

29) J. Thompson violated Plaintiff's 8TH amen right by deliberately ignoring self harm.

30) On Dec. 29, 2015 Plaintiff told A. Beamley he was having self harm thoughts, A. Beamley smile and did not stop.

31) Plaintiff pushed his emergency call button and c/o John Doe said "is this a medical emergency yes or No?" Plaintiff notified John Doe he had a MH emergency.

32) Approx. 30 minutes later R. Ward walked by and ignored Plaintiff's emergency grievance. R. Ward denied Plaintiff MH treatment in a crisis, medical & MH, John Doe didn't help either.

33) On Dec. 29, 2015 around 3pm Plaintiff was put in WCC IMU lower B shower where approx 40% of the shower door is covered making this area perfect to comit self harm or suicide since staff can't see most of the shower so Plaintiff tried to hang himself on 12-29-15.

34) Plaintiff made written complaints to D. Smith, D. MacWilliams, D. Griffith, Scott Roberts,

E. Woods, N. Burt, P. Glebe, W. Swain, A. Smack, A. Comstock, E. Wirt, R. Herzog, re the IBMP & SEP, W. Swain wrote Plaintiff there's no appeal to the SEP and G. Robbins notified Plaintiff the greivences are not for SEP & IBMP.

35) On Jan 7, 2016 after Plaintiff's complaints against the Defendants they changed the IBMP to include a strip search, 6pts mandatory, coveralls only.

36) The 8TH & 4TH amen issues raised re the new Jan 2016 IBMP are:

(A) if Plaintiff asks for a 15 min. time out after the first 15 min time out he must do a strip search in a holding cell w/video camer.

(B) 6pts mandatory on the restraint bed

(C) only coveralls on the restraint bed.

37) Stip searching Plaintiff just for asking for another 15 min. time out has no penalogical objective making it a 4TH amen violation, and on video.

38) 6pts of restraints without even a MH evaluation is excessive use of restraints/force and is a 8TH amen violation.

39) The IBMP is mostly created by D. MacWilliams who once told Plaintiff its his job to make Plaintiff uncomfortable.

40) D. Smith is aware of MacWilliams abusive coment to Plaintiff yet her and N. Burt are ensuring Plaintiff must work with an MHP he's extremely uncomfortable with or no one at all, this is deliberate as its a lose lose situation for Plaintiff.

41) Plaintiff has been 6pt'ed approx 5 times although cooperative and strip searched on a recording video camer approx. 3 times just for asking for 15 min. time out, this caused excessive force/restraints and unnecessary naked exposure of his entire body on video violating 8TH & 4TH amen rights.

42) On Feb. 4, 2016 Plaintiff was in H-4 holding cell at WCC when he overheard Sgt. Kari Cook joking about using leathal force

on inmates with 2 male officers around 10:45 AM.

43) Around 11:20 AM Plaintiff tried to get K. Cook to follow the SEP legal mail section which resulted in an argument and K. Cook using her right hand as a puppet making gestures at Plaintiff.

44) Plaintiff asked for the restraint bed about 11:25 AM. because of Kari Cook's harassment.

45) Around 11:30 AM Plaintiff asked K. Cook for toilet paper but she denied this request.

46) From 11:30 AM to 1:30 PM Plaintiff was left in H-4 with a toilet full of urine, no toilet paper causing severe cramps.

47) K. Cook asked Plaintiff 4 times approx. 15 min. apart if he was suicidal and each time Plaintiff told K. Cook he never said he was suicidal yet K. Cook left Plaintiff to suffer the bowl cramps claiming she was following his IBMP.

48) Plaintiff takes meds for stomach cramps and K. Cook disregaurded Plaintiff's complains of pain and med. problems violating his 8TH amen right as she allowed him to suffer when this could have been avoided. She smiled each time she said no to toilet paper or told him "15" more minutes.

49) On 1-28-16 around 12:30 pm K. Cook asked Plaintiff "are you manipulating ---" when Plaintiff declared his request to talk to mental health, her question and tone abusive, she is known for her agressive manner.

50) On 3-11-16 Plaintiff asked RN Roy Reinertsen about his meds and R. Reinertsen told Plaintiff "I'm not talking to you", Plaintiff asked why and R. Reinertsen started yelling he heard about Plaintiff and his IBMP, then told Plaintiff to cut his wrist going up and down if he wants to be taken serously. Plaintiff said he was a peice of shit, so R. Reinertsen started telling him he heard inmates get buttfucked and he will buttfuck Plaintiff.

51) Sgt. Lacie Rygg heard R. Reinertsen

admit to the harassment of Plaintiff which was causing Plaintiff to stress out. R. Reinertsen wouldn't stop and called Plaintiff a bunny in a cage, and once Lacie Rygg got Plaintiff calm enough to cuff up R. Reinertsen provoked a use of force on Plaintiff by agressively walking towards Plaintiff while verbaly abusive.

52) Plaintiff was taken to the floor where C/o Trotter kept using his knee on Plaintiff's head. Plaintiff did suffer pain from this use of force R. Reinertsen provoked.

53) Around 2 pm Plaintiff was in H-3 holding cell when R. Reinertsen stopped at H-3 door told Plaintiff to remember how to cut his wrist then spread his arms wide with his crotch out told Plaintiff to "suck my cock," Sgt. Aaron Rygg ordered R. Reinertsen to get away from H-3.

54) R. Reinertsen going off the IBMP created a use of force by sexual harassment, threats, intimidation, profanity which provoked

Plaintiff all because R. Reinertsen said he heard about Plaintiff's IBMP and then provoked violence.

55) R. Reinertsen violated Plaintiff's 8TH amen right by deliberately creating a violent environment so Plaintiff would get hurt.

56) G. Robbins wrote Plaintiff there's no grievance system for the K. Cook incident.

57) Plaintiff sent complaints to N. Fernelius re R. Reinertsen but it was denied as there's no grievance system for that IBMP incident.

58) Plaintiff has no grievance options or appeals so his kites & medical kites complaints are his attempts to exhaust DOC remedies, so, Plaintiff exausted his DOC remedies.

59) Plaintiff has suffered physical injuries to his hands, neck, and has increased anxiety, nightmares, and his life has become more stressfull since he cant depend on WCC staff

in the booth since the booth is a hang out joint for having fun and ignoring emergencies, since floor staff must ignore Plaintiff also.

60) Plaintiff can't put all the other Defendants in this since WCC IMU staff hide their IDs. and R. Herzog won't enforce IDs on shirts.

61) Dr. Tilahun Abraha has not called Plaintiff out for a med. review the entire time Plaintiff has been at WCC Nov. 2015 to March 2016 (4½ months) eventhough Plaintiff has written 5 med. kites to Abraha asking to be seen.

62) T. Abraha is ignoring Plaintiff's Lythium levels and requests to review meds since Plaintiff wrote T. Abraha in Nov. he had worse self harm & suidice thoughts.

63) T. Abraha is violating Plaintiff's 8th amen right by following the IBMP and ignoring Plaintiff's psychiatric care resulting in more self harm.

64) Ever since Plaintiff said he was suing DOC re SEP & IBMP Robert Herzog

will no longer allow Plaintiff to get a copy of his SEP and or IBMP per his March 17, 2016 letter to Plaintiff.

65) Not having a copy of the rules means Plaintiff no longer knows if a rule is arbitrary, a real rule, the right rule, etc. and yet R. Herzog is okay with creating more uncertainty.

66) Defendants create rules yet no long allow Plaintiff to be aware of each rule yet expect him to follow rules he's not aware of.

67) Currently D. Smith, N. Burt, S. Roberts, D. Griffith, S. Roberts, T. Abraha are denying Plaintiff therapy and psychiatric care because of this law suit and #C15-5674-RBL its been unanimously decided to deny Plaintiff MH care rather than allow a different therapist to help.

[signature] 3-22-16
David Troupe 765714
PO Box 900
Shelton, WA 98584

**V. Relief**

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

Monetary $ 200,000.00
Punitive $ 10,000.00 each
Injunctive Have the B pod and other WDC IMU shower doors modified like SCCC showers with thick plexi glass, mandate all IMU tier checks (DOC statewide) must stop and look at the vents, and inmate to ensure there's nothing hanging, no blood, and the inmate is not acting suspicious only the booth CO may be in the booth so its not a hang out spot, mental health crisis intervention is mandatory.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 22 day of Jan. 2016.
Signed: 22, day of, March, 2016

(Signature of Plaintiff)