UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID TROUPE,

          Plaintiff,

   v.

EDWARD WOODS, et al.,

          Defendants.

CASE NO. 3:16-CV-05077-RBL-DWC

ORDER GRANTING-IN-PART MOTION TO STAY

Plaintiff David Troupe, proceeding *pro se* and *in forma pauperis*, initiated this action pursuant to 42 U.S.C. § 1983. Presently pending before the Court are: (1) Defendants' Motion to Dismiss Action as Frivolous and Revoke Plaintiff's In Forma Pauperis Status ("Motion to Dismiss") Dkt. 26; and (2) Defendants' Motion to Stay Case Pending Decision on Defendants' Motion to Revoke Plaintiff's In Forma Pauperis Status and Dismiss this Action as Frivolous ("Motion to Stay"). Dkt. 31. This Order addresses only Defendants' Motion to Stay.

On April 22, 2016, Defendants filed the Motion to Dismiss, alleging, in part, Plaintiff has failed to exhaust his administrative remedies. Dkt. 26. After filing the Motion to Dismiss, on April 22, 2016, Defendants filed the Motion to Stay seeking a stay of the proceedings until the Court rules on the Motion to Dismiss. Dkt. 31. Specifically, Defendants ask the Court to stay the

proceedings as follows: (1) prevent any party from engaging in discovery and (2) prevent any party from filing motions or other documents unrelated to the Motion to Dismiss. *Id.*

A. *Discovery*

Defendants request the Court issue an order preventing any party from engaging in discovery until the Court rules on the Motion to Dismiss. Dkt. 31. The Court has broad discretionary powers to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Upon showing of good cause, the Court may deny or limit discovery. Fed. R. Civ. P. 26(c). A court may relieve a party of the burdens of discovery while a dispositive motion is pending. *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989), *amended at* 906 F.2d 465 (9th Cir. 1990); *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984).

The ruling on the Motion to Dismiss may resolve all of Plaintiff's claims. Thus, a stay of discovery while the motion is pending will serve the ends of justice by the parties' and Court avoiding the use of resources which may ultimately not be required. Further, a stay will not prejudice Plaintiff as the Complaint must stand on its face and the ruling on the Motion to Dismiss could impact the scope of discovery.

B. *Filing Motions and Other Documents*

Defendants also request the Court enter an order preventing any party from filing motions or other documents unrelated to the Motion to Dismiss until the Court rules on the Motion to Dismiss. Dkt. 31. Preventing the parties from filing motions and other documents unrelated to Defendants' Motion to Dismiss is an overbroad restriction at this time. Plaintiff has not burdened Defendants with an excessive number of motions in this case. Thus, Defendants have not shown an order prohibiting the parties from filing motions or other documents will meet the ends of justice.

ORDER GRANTING-IN-PART MOTION TO
STAY - 2

C. *Conclusion*

Accordingly, Defendants' Motion is granted-in-part and denied-in-part as follows: All discovery is stayed in this case pending further order from this Court. However, the parties are not prohibited from filing motions or other documents.

Dated this 31st day of May, 2016.

David W. Christel
United States Magistrate Judge