UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID TROUPE,

               Plaintiff,

    v.

EDWARD WOODS, et al.,

               Defendants.

CASE NO. 3:16-CV-05077-RBL-DWC

REPORT AND RECOMMENDATION

Noting Date: July 8, 2016

     The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently pending before the Court is Defendants Broumley, Burt, Comstock, Cummings, Glebe, Griffith, Herzog, Wirt, Woods, and Wulf's Motion to Revoke Plaintiff's In Forma Pauperis Status and Dismiss this Action as Frivolous ("Motion").[1] Dkt. 26.

---

[1] On March 23, 2016, Plaintiff filed a motion requesting leave to amend and attached a proposed first amended complaint. Dkt. 23. Before the Court ruled on Plaintiff's Motion to Amend, Defendants filed the Motion on April 22, 2016. Dkt. 26. On April 26, 2016, the Court granted Plaintiff's Motion to Amend as a matter of right and Plaintiff's First Amended Complaint was filed. Dkt. 33. Plaintiff added new claims and added six new Defendants: Nancy Fernelious, Melissa Johnson, Scott Roberts, Roy Reinersten, Tilahew Abraha, and Kari Cook. Dkt. 33, 36, 39. The Motion was not brought on behalf of the six new Defendants. *See* Dkt. 26. When referencing "Defendants" in this Report and Recommendation, the Court is referring to Defendants Broumley, Burt, Comstock, Cummings, Glebe, Griffith, Herzog, Wirt, Woods, and Wulf.

1    The Court concludes Defendants' request to dismiss this action is moot based on the

2    filing of the First Amended Complaint. Further, Defendants have failed to show this action is

3    frivolous or malicious warranting revocation of Plaintiff's *in forma pauperis* status and dismissal

4    of this action. Therefore, the Court recommends Defendants' Motion be denied.

5                                            **BACKGROUND**

6         Plaintiff David Troupe, an inmate housed at Washington Corrections Center at all

7    relevant times, alleges Defendants violated his Eighth Amendment rights by acting with

8    deliberate indifference to Plaintiff's serious medical needs. *See* Dkt. 33. Plaintiff alleges

9    Defendants disregarded Plaintiff's requests for assistance and used excessive force to restrain

10   Plaintiff when he reported feeling suicidal. *Id.*

11        On February 8, 2016, the Court granted Plaintiff's Motion for Leave to Proceed *In Forma*

12   *Paupers* ("IFP") and directed service of his Complaint. Dkt. 5, 7. On April 22, 2016, Defendants

13   filed the Motion requesting the Court revoke Plaintiff's IFP status and dismiss this action as

14   frivolous and malicious. Dkt. 26. Defendants served Plaintiff with a copy of the Motion and

15   provided Plaintiff with *Rand* notice[2] on April 22, 2016. *See* Dkt. 26, 30. On May 20, 2016,

16   Defendants filed a Reply stating Plaintiff had not responded to the Motion. Dkt. 40. Plaintiff

17   filed an untimely Response on May 26, 2016. Dkt. 41. As Plaintiff is proceeding *pro se* and as

18   Defendants have not objected to his untimely Response, the Court will consider Plaintiff's

19   Response. *See Taylor v. Fairfield Resorts, Inc./Wyndham*, 2009 WL 5195973, *4 (D. Nev. Dec.

20   23, 2009) (considering a late filing by a pro se plaintiff as it was within the court's discretion and

21   interests of justice).

22   _____

23        [2] Defendants must serve *Rand* and *Wyatt* notices, in a separate document, concurrently with motions to
     dismiss and motions for summary judgment so *pro se* prisoner plaintiffs will have fair, timely and adequate notice of
     what is required of them in order to oppose those motions. *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012); *see*

24   Dkt. 25.

# DISCUSSION

## I.    Consideration of Evidence

Defendants do not identify the legal authority under which they are moving for dismissal. Dkt. 26. Defendants, however, provided Plaintiff with notice stating Defendants have filed a motion to dismiss under Rule 12 or a motion for summary judgment. *See* Dkt. 30. As Defendants are seeking dismissal, not a judgment on the merits, the Court finds Defendants are moving to dismiss under Rule 12.

Defendants attached numerous exhibits to support the Motion. *See* Dkt. 27-29. In ruling on a motion to dismiss, "a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). If, on a motion to dismiss under Rule 12,

> matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given reasonable opportunity to present all the material that is pertinent to the motion.

Fed.R.Civ.P. 12(d). The Court may take judicial notice of matters either (1) generally known within the trial court's territorial jurisdiction or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed.R.Evid. 201(b). Further, the Ninth Circuit has "extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

1    Here, Defendants attached three declarations and approximately 370 pages of exhibits to

2    support their argument that Plaintiff's Complaint should be dismissed. *See* Dkt. 27-29.

3    Defendants have not shown the Court can take judicial notice of all the attached documents or

4    that the attached documents are incorporated by reference. *See* Dkt. 26. As Defendants request

5    revocation of Plaintiff's IFP status in addition to dismissal of this case, the Court will not convert

6    Defendants' Motion to a summary judgment motion and will exclude the attached exhibits and

7    review only the four corners of Plaintiff's Complaint to determine if this case should be

8    dismissed and if Plaintiff's IFP status should be revoked.

9    **II.    Dismissal of Amended Complaint**

10    Defendants move to dismiss Plaintiff's case based on his original Complaint. *See* Dkt. 26.

11    Since the filing of the Motion, Plaintiff filed his First Amended Complaint. *See* Dkt. 33. An

12    amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262

13    (9th Cir. 1992). The original complaint is "treated thereafter as non-existent." *Loux v. Rhay*, 375

14    F.2d 55, 57 (9th Cir. 1967) *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d

15    896 (9th Cir. 2012). Defendants' Motion attacks the original Complaint, which is now "non-

16    existent." As Defendants have moved to dismiss a non-existent complaint, the Court finds the

17    Defendants' request for dismissal is moot.

18    In Defendants' Reply to Defendants' Motion, Defendants assert the First Amended

19    Complaint "does not affect the merits" of Defendants' Motion because Plaintiff's claims are still

20    frivolous. Dkt. 40. Specifically, Defendants contend Plaintiff's claims are unexhausted. *Id.* When

21    alleging a plaintiff failed to exhaust administrative remedies, a defendant may move for

22    dismissal under Federal Rule of Civil Procedure 12 only in the extremely rare event the

23    plaintiff's failure to exhaust administrative remedies is clear on the face of the complaint. *Albino*

24

*v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). "Otherwise, defendants must produce evidence proving failure to exhaust" in a summary judgment motion brought under Rule 56. *Id.*

In the First Amended Complaint, Plaintiff included additional facts relating to his claims against Defendants and added six new Defendants. *See* Dkt. 33. Defendants are requesting the Court dismiss the entire case, but have not responded to all the allegations contained in the First Amended Complaint. It is also not clear Plaintiff's claims are unexhausted. *See* Dkt. 33. Plaintiff contends the grievance process was not available to him, which can excuse exhaustion. *See Neese v. Arpaio*, 397 F. Supp. 2d 1178, 1183 (D. Ariz. 2005) (exhaustion may be excused when prison officials do not allow a prisoner to file grievances). As Plaintiff has alleged facts in the First Amended Complaint showing he may be excused from exhaustion, it is not clear Plaintiff's alleged failure to exhaust administrative remedies warrants dismissal.

The Court finds Defendants must file a Rule 56 motion for summary judgment to raise the exhaustion defense. Accordingly, the Court is not persuaded by Defendants' assertion that the First Amended Complaint can be dismissed based on the arguments contained in the Motion. As Defendants are attacking a "non-existent" complaint and have raised failure to exhaust in a dismissal motion, the Court finds Defendants' Motion requesting dismissal of Plaintiff's original Complaint should be denied without prejudice.[3]

### III.    Revocation of IFP Status

Defendants assert Plaintiff's IFP status should be revoked and this case dismissed as frivolous or malicious because (1) Plaintiff failed to exhaust five of the six grounds raised in the original Complaint; (2) the sixth claim alleged in the original Complaint is frivolous; and (3) Plaintiff is an abusive litigator. Dkt. 26.

---

[3]The Court notes Defendants may re-file a motion to dismiss or file a motion for summary judgment as to the First Amended Complaint.

1    All parties instituting any civil action, suit or proceeding in a district court of the United

2    States, except an application for writ of habeas corpus, must pay a filing fee of $350.00.[4] *See* 28

3    U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if

4    the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v.*

5    *Cook,* 169 F.3d 1176, 1177 (9th Cir.1999). If a party is allowed to proceed IFP, the court must

6    dismiss the case if, at any time, the court determines "the action is frivolous or malicious" or

7    "fails to state a claim upon which relief could be granted." 28 U.S.C. § 1915(e)(2)(a). Further,

8    under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to screen

9    complaints brought by prisoners seeking relief against a governmental entity or officer or

10   employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the

11   complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to

12   state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

13   who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,

14   152 F.3d 1193 (9th Cir. 1998).

15   A case is frivolous if it has no basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325

16   (1989); *Andrews v. King,* 398 F.3d 1113, 1121 (9th Cir. 2005). "A separate standard for

17   maliciousness is not well-established." *Young v. Spizman*, 2008 WL 678674, *2 (W.D. Wash.

18   March 7, 2008). However, courts have found a case is malicious if it is "plainly abusive of the

19   judicial process or merely repeats pending or previously litigated claims." *Id*. (*quoting Abdul–*

20   *Akbar v. Dep't of Corr*., 910 F.Supp. 986, 999 (D. Del. 1995)); *see Crisafi v. Holland*, 655 F.2d

21   1305 (D.C. 1981). The phrase "fails to state a claim on which relief may be granted," as used

22   elsewhere in § 1915, "parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *See*

23   _____

24   [4] Parties not granted IFP status are obligated to pay an additional $50.00 administrative fee for a total filing fee of $400.00

*Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) (interpreting § 1915(e)(2)(B)(ii) and

employing the same de novo standard of review applied to Rule 12(b)(6) motions).

A.  Failure to Exhaust

First, Defendants are requesting the Court find this action frivolous because, knowing he

could file grievances, Plaintiff did not exhaust his administrative remedies in five of his six

claims for relief. Dkt. 26, p. 18. Under the PLRA,

> No action shall be brought with respect to prison conditions under section
> 1983 of this title, or any other Federal law, by a prisoner confined in any
> ... correctional facility until such administrative remedies as are available
> are exhausted.

42 U.S.C. § 1997e(a); *Nunez v. Duncan*, 591 F.3d 1217, 1223 (9th Cir. 2010). However, the

Ninth Circuit has allowed exceptions to the PLRA's exhaustion requirement. *See Nunez*, 591

F.3d 1217. "If prison authorities do not allow an inmate to pursue a grievance, it is arguable

whether he has any administrative remedies 'available' to him." *Neese*, 397 F. Supp. 2d at 1183.

In his First Amended Complaint, Plaintiff states Individual Behavior Management Plans

("IBMP") "are not grievable, but [he] did appeal [the facts of the Complaint] verbal[l]y and on

written record." Dkt. 33. In his Response to the Motion, Plaintiff reiterates he could not grieve

his IBMP complaints or staff actions regarding his IBMP. Dkt. 41, ¶ 12. Plaintiff also states he

filed emergency grievances and kites, and made numerous verbal complaints to resolve his

claims. *Id.* at ¶ 14. Plaintiff contends he "tried to grieve, appeal, [and] resolve these claims

within the DOC [(Department of Corrections)], thus he has exhausted his DOC remedies[.]" *Id.*

at ¶ 18.

Based on the allegations contained in Plaintiff's First Amended Complaint and Response

to the Motion, the Court finds Plaintiff has shown he attempted to exhaust his remedies, but was

unable to as a result of Defendants' actions and the prison facility's policies. The Court does not

1    find allegations showing Plaintiff knowingly and deliberately failed to exhaust his administrative

2    remedies. Further, Defendants cite to no authority showing failure to exhaust administrative

3    remedies should result in the dismissal of a lawsuit as frivolous. *See* Dkt. 26. The Court,

4    therefore, does not find Plaintiff's alleged failure to exhaust his administrative remedies is

5    sufficient to find this action frivolous. *See e.g. Finley v. Gonzales*, 2009 WL 2581357, *2 (E.D.

6    Cal. Aug. 20, 2009) (finding dismissal for failure to exhaust alone did not count as a strike under

7    § 1915(g); to count as a strike, "the dismissal for failure to exhaust must have been done on the

8    grounds that the action is frivolous, malicious, or fails to state a claim"); *Reed v.*

9    *CCA/Crossroads Correctional Center*, 2012 WL 5830582, *2 (D. Mont. Oct. 25, 2012) (finding

10   failure to exhaust a strike where the plaintiff's failure to exhaust was a deliberate and defiant

11   refusal to grieve his disputes).

12       B.  Frivolous Claim

13       Second, Defendants argue Plaintiff's claim concerning his IBMP and Security

14   Enhancement Plan ("SEP") has no basis in law or fact and thus is frivolous. Dkt. 26. Plaintiff

15   contends the SEP, which was created by Defendants, established "rules that deliberately stopped

16   Plaintiff from getting emergency care." Dkt. 33, p. 7. Plaintiff also alleges Defendants failed to

17   provide Plaintiff with medical care because of the SEP. *See id.* at pp. 6-7. As Plaintiff is alleging

18   the creation and implementation of his IBMP and SEP resulted in constitutional violations, the

19   Court does not find Plaintiff's claim concerning his IBMP and SEP has no arguable basis in law

20   and fact. Accordingly, the Court concludes this claim is not frivolous.

21       C.  Plaintiff's Litigation History

22       Third, Defendants maintain Plaintiff's extensive litigation history while in the custody of

23   the Department of Corrections shows Plaintiff is an abusive litigator requiring revocation of his

24

REPORT AND RECOMMENDATION - 8

1    IFP status. Dkt. 26. Defendants state Plaintiff abused the Washington Public Records Act and,

2    when he was prevented from making further requests under the Public Records Act, Plaintiff

3    began filing federal lawsuits. *Id.* at pp. 3-5. Plaintiff has filed at least nineteen federal lawsuits

4    since 2013; thirteen lawsuits have been dismissed and Plaintiff has incurred two "strikes" under

5    28 U.S.C. § 1915(g). *Id.* at pp. 8-15. Defendants maintain Plaintiff is using the litigation to

6    harass and embarrass Department of Corrections employees. *Id.* For example, Plaintiff serves

7    discovery requests that are unrelated to the allegations in the complaint and used to "pit staff

8    against each other." *Id.* at p. 6. Defendants argue Plaintiff is using "the federal courts as his own

9    personal playground." *Id.* at p. 8.

10          This Court has inherent power to regulate the extent to which abusive litigants can access

11   the courts. *DeLong v. Hennessey,* 912 F.2d 1144, 1147 (9th Cir.1990). "Under the power of 28

12   U.S.C. § 1651(a) (1988), enjoining litigants with abusive and lengthy histories is one such form

13   of restriction that the district court may take." *Id.* Generally, such enjoining orders must balance

14   the litigant's right to meaningful access to the courts against the Court's need to be free of

15   abusive tactics. *Franklin v. Murphy,* 745 F.2d 1221, 1228 (9th Cir. 1984).

16          The Court is mindful of Plaintiff's litigation history and is aware Plaintiff was warned

17   about potentially abusive litigation and that any further filing of complaints lacking merit would

18   be considered additional evidence of malicious abuse of process. *Troupe v. Tucker*, Case No.

19   C14–5650 BHS–JRC (Dkt. 27, at p. 2). In this case, Plaintiff alleges his Eighth Amendment

20   rights were violated when Defendants failed to provide him necessary care for his mental health

21   needs. Dkt. 33. Plaintiff contends Defendants ignored his requests for medical care, established

22   an IBMP and SEP which resulted in denial of medical care, and used excessive force when

23   restraining Plaintiff before he had a proper mental health evaluation  after Plaintiff reported

24

REPORT AND RECOMMENDATION - 9

1    feeling suicidal. *Id.* Plaintiff also states Defendants retaliated against him after he complained

2    about their actions when they changed his IBMP to include strip searches, 6-point restraints, and

3    coveralls only. *Id.* The Court screened Plaintiff's original Complaint and First Amended

4    Complaint and determined Plaintiff had stated a claim for which relief could be granted. Thus,

5    Plaintiff's First Amended Complaint is not so lacking in merit it shows malicious abuse of

6    process.

7        Accordingly, the Court does not find Plaintiff's litigation history requires dismissal of

8    this action as malicious at this time.

9                                    **CONCLUSION**

10       Based on the above stated reasons, the Court recommends Defendants' Motion be denied.

11       Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

12   Procedure, the parties shall have fourteen (14) days from service of this Report to file written

13   objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

14   objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time

15   limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on July 8,

16   2016, as noted in the caption.

17       Dated this 17th day of June, 2016.

18
19                                          David W. Christel
20                                          United States Magistrate Judge
21

22

23

24

REPORT AND RECOMMENDATION - 10