UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID TROUPE,

         Plaintiff,

   v.

EDWARD WOODS, et al.,

         Defendants.

CASE NO. 3:16-CV-05077-RBL-DWC

ORDER CONTINUING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff David Troupe, proceeding *pro se* and *in forma pauperis*, initiated this civil rights action on February 1, 2016. Dkt. 1. Plaintiff filed a Motion to Stay Summary Judgment ("Motion") on July 14, 2016, requesting the Court stay Defendants' Motion for Summary Judgment to allow Plaintiff to conduct discovery. After review of the record, the Court finds discovery is necessary for Plaintiff to develop affirmative evidence to respond to Defendants' Motion for Summary Judgment. Therefore, the Motion is granted.

ORDER CONTINUING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT - 1

## BACKGROUND

On April 22, 2016, Defendants filed a Motion to Revoke Plaintiff's *In Forma Pauperis* Status and Dismiss this Action as Frivolous ("Motion to Revoke"). Dkt. 26. Defendants also filed a Motion to Stay Case Pending a Decision on Defendants' Motion to Revoke ("Motion to Stay"). Dkt. 31. On May 31, 2016, the Court granted-in-part the Motion to Stay, staying "discovery pending further order from this Court." Dkt. 42, p. 3. On June 17, 2016, the undersigned entered a Report and Recommendation recommending the Motion to Revoke be denied. Dkt. 51.[1] After the undersigned entered the Report and Recommendation, Defendants filed a Motion for Summary Judgment on June 21, 2016, arguing Plaintiff failed to: (A) exhaust the administrative remedies available to him as to all but one claim raised in the Complaint; and (B) state a claim for which relief can be granted as to the remaining claim. Dkt. 54.

Plaintiff seeks to have Defendants' Motion for Summary Judgment stayed to allow him to complete discovery. Dkt. 57. Defendants filed a Response arguing the Motion is untimely and Plaintiff has not shown a continuance is appropriate under Federal Rule of Civil Procedure 56(d). Dkt. 62. Plaintiff filed a Reply on July 20, 2016. Dkt. 63.

## DISCUSSION

Defendants assert the Motion should be denied because it was not timely filed. Dkt. 62. Plaintiff's Motion was filed three days after the time for filing a response to the Motion for Summary Judgment expired. *See* Local Civil Rule 7(d)(3). The Motion was, however, filed prior to the date the Motion for Summary Judgment became ready for the Court's consideration. *See*

---

[1] The Honorable Ronald B. Leighton, the District Judge assigned to this case, entered an order adopting the Report and Recommendation and denying the Motion to Revoke on July 11, 2016. Dkt. 56. Judge Leighton did not lift the stay.

Dkt. 54, 57. Further, as Plaintiff is incarcerated and proceeding *pro se*, he will be provided some leniency regarding the timeliness of this Motion. Therefore, the Court will consider the Motion.

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." However, Federal Rule of Civil Procedure 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). Under Rule 56(d), if the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In order to prevail under Rule 56(d), the party opposing summary judgment must make "'(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox,* 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.,* 784 F.2d 1472, 1475 (9th Cir. 1986)). The Ninth Circuit has held a Rule 56(d) continuance "should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." *Burlington N. Santa Fe R.R. Co. v. The Assiniboine & Sioux Tribes of the Fort Peck Reservation,* 323 F.3d 767, 773–74 (9th Cir. 2003) (internal quotation marks and citations omitted).

Here, because discovery has been stayed, Plaintiff has not had an opportunity to discover evidence to "support [his] opposition" to the Motion for Summary Judgment. *See* Fed. R. Civ. P. 56(d). In his First Amended Complaint and Response to a previous motion filed by Defendants,

Plaintiff stated he attempted to exhaust his administrative remedies, but was unable to as a result of Defendants' actions and the prison facility's policies. *See* Dkt. 33, 41. In the Motion and Reply, Plaintiff states he needs to gather evidence regarding his grievances and the grievance process to respond to the Motion for Summary Judgment. Dkt. 57, 63. Plaintiff declares the Department of Corrections ("DOC") does not have a grievance system for most of the claims alleged in his Complaint. Dkt. 63. Plaintiff states he cannot gather DOC records showing he exhausted all DOC remedies without discovery. *Id*. at p. 2.

As Plaintiff has shown discovery is necessary to adequately respond to Defendants' assertion that Plaintiff failed to exhaust the administrative remedies available to him, the Court finds Plaintiff has met the requirements of Rule 56(d) to allow discovery prior to ruling on Defendants' Motion for Summary Judgment. Accordingly, the Court grants Plaintiff's Motion as follows:

1. The order to stay discovery is lifted-in-part. Plaintiff may engage in limited discovery related to the exhaustion of administrative remedies only.
2. Defendants' Motion for Summary Judgment is continued to October 14, 2016.
3. Plaintiff's Response to Defendants' Motion for Summary Judgment must be filed by October 10, 2016. Defendants' Reply is due by October 14, 2016.
4. The Clerk is directed to re-note Defendants' Motion for Summary Judgment (Dkt. 54) for October 14, 2016.

Dated this 28th day of July, 2016.

David W. Christel
United States Magistrate Judge