UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID TROUPE,

    Plaintiff,

v.

EDWARD WOODS, et al.,

    Defendants.

CASE NO. 3:16-CV-05077-RBL-DWC

ORDER

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff David Troupe, proceeding *pro se* and *in forma pauperis*, initiated this civil rights action on February 1, 2016. Dkt. 1. Presently pending before the Court is Plaintiff's September 22, 2016 Motion to Clarify ("First Motion to Clarify"), Motion to Appeal and Extend all Deadlines ("Motion for Extension"), October 13, 2016 Motion to Clarify and Compel ("Second Motion to Clarify"), and Motion to Stay Summary Judgment ("Motion to Stay") Dkt. 65.[1] After review of the record, the First Motion to Clarify, the Second Motion to Clarify, the Motion for Extension, and the Motion to Stay are denied.

---

[1] Also pending before the Court is Defendants' Motion for Summary Judgment, which, pursuant to this Order, is ready for the Court's consideration on November 18, 2016.

ORDER - 1

### I. First Motion to Clarify (Dkt. 65)

On September 22, 2016, Plaintiff filed the First Motion to Clarify requesting the Court clarify the following questions: "(1) Is it okay for Troupe to hand his legal mail e-filings to any DOC staff?; (2) Is it required to have the approved/designated/trained staff pick up, scan, return e-filings?; [and] (3) Are e-filings considered legal mail?" Dkt. 65. The Court finds Plaintiff is asking for clarification of prison policies. As Plaintiff does not seek clarification of a Court order issued in this case, his First Motion to Clarify is denied. *See Bordallo v. Reyes*, 763 F.2d 1098, 1102 (9th Cir. 1985) (a request to clarify "invite[s] interpretation [of an order], which trial courts are often asked to supply, for the guidance of the parties"); *Turner v. Akins*, 992 F.2d 1220 (9th Cir. 1993) ("Prison officials have been granted wide latitude in the running of prisons[.]").

### II. Motion for Extension (Dkt. 69) and Motion to Stay (Dkt. 72)

In the Motion for Extension, Plaintiff requests all deadlines be extended for 90 days or until he is returned to Stafford Creek Corrections Center ("SCCC").[2] Dkt. 69. In the Motion to Stay, he requests a stay of Defendant's Motion for Summary Judgment until he is returned to SCCC. Dkt. 72. Defendants filed a response requesting the Motion for Extension and Motion to Stay be denied. Dkt. 74. As Plaintiff is requesting extensions of time in both the Motion for Extension and the Motion to Stay, the Court will consider these two Motions together.

Plaintiff contends he was transferred from SCCC to Washington State Penitentiary ("WSP") without all his legal documents. He states he was going to be immediately transferred back to SCCC after a court hearing and therefore did not bring his legal documents to WSP. Dkt. 69. Plaintiff was not returned to SCCC. *Id*. Plaintiff requests the extension of time and stay because he does not have his legal documents.

---

[2] The Court notes the only deadline is the deadline for filing dispositive motions, which runs on November 7, 2016. Plaintiff's response to Defendant's Motion for Summary Judgment was due October 10, 2016.

ORDER - 2

Pursuant to Federal Rule of Civil Procedure 6(b), the Court may extend a deadline for good cause. The evidence shows Plaintiff's legal documents were transferred with him from SCCC to WSP. *See* Dkt. 75-1 (Order from the Eastern District of Washington stating Plaintiff asserted all his legal files had been transferred with him from SCCC to WSP); Dkt. 75-1, Crane Declaration, ¶ 4 (All Plaintiff's legal property traveled with Plaintiff from SCCC to WSP and none of Plaintiff's legal property remains at SCCC); Dkt. 75-1, Bradley Declaration, ¶¶ 3-4 (Bradley assisted in unloading Plaintiff and Plaintiff's nine legal boxes upon Plaintiff's arrival at WSP, and Plaintiff commented to Bradley he did not understand why all his legal documents were traveling with him to WSP). As the reason Plaintiff alleges he needs an extension of time is because his legal documents are at SCCC, Plaintiff has failed to show good cause for an extension of time or stay of pending motions until he returns to SCCC. Accordingly, Plaintiff's Motion for Extension and Motion for Stay are denied.

As Plaintiff signed –effectively filing – the Motion for Extension prior to the date his response to Defendants' Motion for Summary Judgment was due (*see* Dkt. 64), the Court provides Plaintiff with fourteen days to file a response to Defendants' Motion for Summary Judgment. Plaintiff shall have until November 15, 2016 to file a response to Defendants' Motion for Summary Judgment. Defendants may file a supplemental reply on or before November 18, 2016. The Clerk is directed to re-note the Motion for Summary Judgment (Dkt. 54) for November 18, 2016.

**III.    Second Motion to Clarify (Dkt. 70)**

Plaintiff filed the Second Motion to Clarify on October 13, 2016. Dkt. 70. In the Second Motion to Clarify, Plaintiff requests the Court compel Defendants' counsel, Timothy Feulner, to resend every document filed in this case to Plaintiff. Dkt. 70. He also asks the Court to clarify the

ORDER - 3

1 status and deadlines of the case and send all records filed after April 22, 2016 to Plaintiff. *Id*.

2 Plaintiff states he cannot get access to the records in this case.

3     On September 27, 2016, the day after Plaintiff was transferred to WSP, the Court

4 received notice of his change of address. Dkt. 66. Mailings sent to Plaintiff have not been

5 returned to the Court. Further, as discussed above, the evidence shows Plaintiff's legal

6 documents were transferred with Plaintiff to WSP. Plaintiff has failed to provide an adequate

7 reason which would necessitate Defendants or the Court resending all the documents filed in this

8 case. Accordingly, the Second Motion to Clarify is denied. The Court notes dispositive motions

9 must be filed by November 7, 2016 and Plaintiff's response to Defendants' Motion for Summary

10 Judgment is due on or before November 15, 2016.

11     Dated this 1st day of November, 2016.

/s/ David W. Christel

David W. Christel
United States Magistrate Judge